The opinion of the court was delivered by
, Spencer, J.
In .the suit of “Gerson vs. Warfield” plaintiff obtained judgment by confession. Subsequently,,.plaintiff assigned the judgment *1270 to Lehman, Abraham & Co., who issued execution thereon, upon which the sheriff makes the following return:
“ Received in office, April 30th, 1874, and on the first day of May, 1874, the plaintiff’s attorneys having taken a consent twelve-months bond in favor of Lehman, Abraham & Co., owners of the judgment and writ in this case, executed before me May 1st, 1874 ; I therefore return this writ as directed by Morrison and Parmer, attorneys for plaintiff and owners-of judgment. B. H. Dinkgkave, Sheriff.”
The bond is signed by Mrs. Warfield, the defendant, and by Mrs. Strother, as surety. The condition of the bond recites the existence of the judgment, the issuance of the execution, and concludes thus :
“ Whereas, the said defendant, Mrs. Eliza W. Warfield, desires to avoid the trouble, loss, and costs of further proceedings in the execution of said writ, by executing a consent twelve-months, bond, in favor of Lehman, Abraham & Co., owners of said judgment, in all respects as if all the formalities, delays, and advertisements which precede the forced execution of a twelve-months bond under arts. 681, 682,720, and 721, Cod© of Practice, had been fully complied with ; all of which said formalities, delays, and advertisements are hereby expressly waived by said defendant ; and whereas said Lehman, Abraham & Oo. have consented to accept this twelve-months bond and to return said writ to the clerk’s-office,
“Now, therefore, if the said E. W. Warfield, principal on this bond, shall well and truly pay, etc., * * then this bond shall be void, otherwise, etc., to have the force and effect of a twelve-months bond, taken according to arts. 720 and 721 of Code of Practice.”
The bond is attested by two witnesses and the sheriff. In several districts of the State, this custom of taking twelve-months bonds by consent and agreement has prevailed for years, and, as will be seen hereafter, there is no reported case adjudicating upon its legality.
Not being paid at maturity, plaintiff caused execution to issue as on a twelve-months bond, and, property of the surety having been levied upon, she enjoins, by this suit, the sale thereof.
The sole question presented for our decision is, whether this instrument thus executed has the force and effect of a twelve-months bond ; and does it confer on the clerk authority to issue, and on the sheriff authority to execute, a writ of fieri facias directing the seizure and sale, without appraisement, of the property of the principal and surety? We are constrained to answer both questions in the negative. It is undoubtedly true, as argued by defendant’s counsel, and as held by the judge a quo, that contracts containing nothing contrary to law or good morals are binding on the parties,' and constitute laws for them. But the question here is not whether this contract is binding on Mrs. Warfield and Mrs. *1271 Strother, but whether they can by agreement with Lehman, Abraham & Oo. confer on the clerk and sheriff authority and power which the law has not conferred oh them. Oan parties confer on the clerk authority to issue execution for a debt not evidenced and made executory by judgment ? Certainly not. And why ? Because the • clerk derives his authority from the law, and not from the consent or agreement of parties. The law has prescribed when and upon what conditions the clerk can issue writs of fieri facias. A judgment is rendered, and in execution thereof a writ of ft. fa. issues, property is seized, and sold for cash or on twelve-months credit. In the latter case'a bond is given, and, if not paid, another writ issues in execution. The public interest demands that these essential forms be complied with. The certainty and security of titles, depending as they do, upon the orderly conduct of judicial proceedings, requires that individual agreements should not be substituted for official acts. Grave and important consequences attach to and follow the forced alienation of property, and in many instances the rights of third persons are directly or indirectly affected thereby. Thus, a forced alienation under a first mortgage divests the property of a subsequent and junior mortgage. What security would there be to such subsequent mortgages if by a private agreement between the debtor and the holder of the first mortgage such a bond as that in this case could authorize the seizure and sale without appraisement of the property ? Would the purchaser at a sale under the enjoined writ in this case acquire a title unencumbered by mortgages that may have attached since the recordation of the original judgment? These instances are stated to illustrate the grave importance there is to the public that judicial proceedings and the processes in execution thereof should be conducted under the forms of law. In our opinion there can not be a twelve-months bond clothed with the extraordinary characteristics given thereto by the Code of Practice, except as the result of a-seizure and sale of property. A twelve-months bond under our law clothes the creditor with extraordinary and exceptional rights, just as the authentic act importing confession of judgment does. The law has prescribed certain essential forms for the existence of both, and there is no more reason for saying that parties can give to a private agreement the force and effect of a twelve-months bond than there is for saying they can give to a private agreement, without the intervention of the officers and forms required by law, the force and effect of an authentic act.
While the ease of Levi Johnson vs. Hopson (decided at Monroe in 1855, but not reported,) differs from this case in some important particulars, and notably in this, that in that case the ■“ consent twelvemonths” .bond was executed before and in anticipation of the.rendition of a confessed judgment, yet we think the general principles announced *1272 in that case are pertinent and eminently applicable to this, and may serve •as a fit conclusion to what we have already said. The court there said:
' “ The bond is a private agreement executed in contemplation oí an ■amicable suit and .a judgment to be rendered thereafter. It mightserve as the foundation of a suit against the principal and surety thereon to enforce their obligation so far as possible by the intervention of justice, but it can not be introduced |nto the records of a court without its assent, and made the basis of those summary proceedings which are only allowed upon a strict compliance with the forms of law. Those forms are prescribed in the interest of the public; many of them, it is true, may be waived by the parties, but they must be waived at the proper time and before the proper officers.
“Departures from settled rules of practice in judicial matters are always hazardous : and although this may be a hard case upon the appellees, who seem only to be seeking to hold the appellants to the terms •of the agreement, yet we must look to the remote consequences which would flow from a decision relaxing the rules that govern forced alienations of property. Upon those rules depend in a high degree the security of private rights and the repose of titles.”
It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed ; and it is now ordered and decreed that the injunction sued out by plaintiff against the execution herein enjoined be made perpetual; reserving to the owners of said bond any right, of action they may have against plaintiff by reason of her suretyship on said bond. It is further ordered that defendants pay costs of both .courts.
Rehearing refused.